IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

ROBERT WEISS,                          )
                                       )
     Plaintiff,                        )
                                       )          NO. 2:25-cv-00041
v.                                     )
                                       )          JUDGE RICHARDSON
COMMISSIONER OF SOCIAL                 )
SECURITY,                              )
                                       )
     Defendant.                        )

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 20, "R&R") of the

Magistrate Judge, which recommends that the motion for judgment on the administrative record

(Doc. No. 14, "Motion") filed by Plaintiff, Robert Weiss, be granted, and that this action be

remanded to the Social Security Administration for further administrative proceedings consistent

with the R&R. (Doc. No. 20 at 9). No objections to the R&R have been filed and the time for filing

objections has now expired.

Absent any objection to the statement of the procedural background and relevant facts

(regarding underlying circumstances of this case) set forth by the Magistrate Judge in the R&R,

the Court adopts that statement in its entirety and includes it here for reference.[2]

---

[1] Herein, except in one quoted paragraph from the R&R wherein the Magistrate Judge refers to herself as "the Court," "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] As noted in the R&R, references to the transcript of the administrative record (Doc. No. 12) are made using the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp at the bottom right corner of each page.

## I. INTRODUCTION

On September 14, 2020, Plaintiff filed an application for SSI. (Transcript of the Administrative Record (Docket No. 12) at 18). In his application, Plaintiff asserted that, as of the alleged onset date of May 25, 2012, he was disabled and unable to work due to the following physical or mental conditions: plate in head, bone spurs on spine, pins and rod in leg, back pain, mental illness, neck pain, degenerative disc disease, arthritis, headaches, and insomnia. (AR 308.)

These claims were denied initially on August 19, 2021 (AR 51–71) and upon reconsideration on July 19, 2022 (AR 72–78). On December 13, 2023, Administrative Law Judge ("ALJ") Stephanie Jones held a telephonic hearing. (AR 35–45.) Plaintiff did not appear or testify, but his representative appeared on his behalf.

On April 16, 2024, ALJ Ann Paschall denied Plaintiff's claim. (AR 18–29.) On April 2, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (AR 1–7.) Plaintiff then timely commenced this civil action, over which the Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. THE ALJ'S FINDINGS

In her January 9, 2024 decision, the ALJ included the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since September 14, 2020, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: depressive disorder and substance disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: no greater than occasional decisions or judgments to be made, and no greater than occasional changes in a routine work setting. He can occasionally interact with the general public, coworkers, and supervisors.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on October 27, 1970 and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 14, 2020, the date the application was filed (20 CFR 416.920(g)).

(AR 20-29.)

(Doc. No. 20 at 1-3 (footnotes omitted)). Regarding the basis for the Motion, the Magistrate Judge noted as follows:

Plaintiff sets forth one assertion of error: the ALJ committed a legal error when she failed to order a consultative examination. (Docket No. 15 at 6–10.) Plaintiff asks the Court to either reverse the decision of the SSA and award him SSI, or remand the matter back to the SSA for further consideration. The Court presumes that Plaintiff seeks this relief pursuant to sentence four of 42 U.S.C. § 405(g), though she does not specify.

(*Id*. at 5).

The Magistrate Judge concluded that the Motion should be granted and that this matter should be remanded to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further development of the record, including a consultative examination, and for further findings.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 20) is adopted and approved. Accordingly, Plaintiff's Motion (Doc. No. 14) is **GRANTED**, and this matter is **REMANDED** to the Social Security Administration for further administrative proceedings consistent with the R&R.

Accordingly, the Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI  RICHARDSON
UNITED STATES DISTRICT JUDGE