**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT COOKEVILLE**

| | | |
|---|---|---|
| **ROBERT WEISS** | ) | |
| | ) | **Case No. 2:25-cv-00041** |
| **v.** | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY** | ) | |

**To: Honorable Eli Richardson, United States District Judge**

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Robert Weiss's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), in which he seeks the payment of $8,637.97 in fees. (Docket No. 23.) Defendant responded to the motion stating that it has no objection to a reduced payment of $7,345.72. (Docket No. 27.) The motion was referred to the undersigned for a report and recommendation. (Docket No. 28.) For the reasons detailed below, the undersigned respectfully recommends that the motion (Docket No. 23) be **GRANTED IN PART**.

## I. LEGAL STANDARD AND ANALYSIS

An award of fees may be made under the EAJA in a Social Security disability action. *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1097 (6th Cir. 2016). The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To recover attorney fees under the EAJA, Plaintiff must demonstrate: (1) that she is a "prevailing party"; (2) that the government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) that, pursuant to 28 U.S.C. § 2412(d)(1)(B), the fee application was presented to the court within 30 days of final judgment in the action and is supported by an itemized statement. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

As to the first and second factors, there is no dispute here that Plaintiff is the prevailing party or that the government's position was not substantially justified. The Court granted Plaintiff's motion for judgment on the record (Docket No. 21) and Defendant does not oppose the award of fees generally, though does oppose the particular amount requested by Plaintiff (Docket No. 27). Those factors are therefore satisfied.

As to the fourth factor, the fee request was made within 30 days of the final judgment. "Final judgment" is defined in the statute as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Rule 4 of the Federal Rules of Appellate Procedure provides that, when one of the parties is the United States or a United States agency, appeal must be taken from a final judgment within 60 days. Fed. R. App. P. 4(a)(1)(B). Final judgment was entered in this matter on April 6, 2026, and was final and no longer appealable 60 days later or June 5, 2026. The instant motion was filed on June 29, 2026, which is within 30 days of the judgment becoming final. Accordingly, the fourth factor is satisfied.

As for the third factor, the reasonableness of the requested fee must be evaluated. Plaintiff bears the burden of proving that the fees requested under the EAJA are, in fact, reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Specifically, Plaintiff must produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)). A court may reduce fees for unreasonable time, including in instances where the time spent is excessive, redundant, or inadequately documented, *id.* at 433–34, or where the time claimed is associated

with training junior attorneys, *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 260 (N.D. Ohio 1995).

Ordinarily, a fee request is supported with an itemized report of the time spent by counsel in connection with the case and the basis for the hourly rate charged. Here, Plaintiff's attorney Maren Miller Bam filed an "affirmation" in support of the motion, in which she states that attorney's fees were calculated at a rate of $258.45 per hour for 32.6 hours for a total of $8,425.47, and that paralegal's fees were calculated at a rate of $125.00 per hour for 1.7 hours for a total of $212.50, all of which totals $8,637.97. (Docket No. 24 at ¶¶ 8–11.) Plaintiff's counsel also filed an itemization of attorney and paralegal services, though it conflicts with the numbers included in the "affirmation," as Defendant points out in its response. (Docket No. 24-1.) The itemization indicates that the attorney billed only 27.6 hours (not 32.6 hours).

Based on a review of the itemization, the Court finds that the following hours and rates are reasonable: (1) attorney's fees at a rate of $258.45 per hour for 27.6 hours for a total of $7,133.22, and (2) paralegal's fees at a rate of $125.00 per hour for 1.7 hours for a total of $212.50. These hours and rates result in a total award of **$7,345.72 in fees** under the EAJA. The Court finds no special circumstances that would make this award unjust. Accordingly, the third (and final) factor is satisfied.

The Supreme Court has held that an EAJA fee is payable to the plaintiff as litigant, and that payment may be subject to an offset to satisfy any pre-existing debt that the plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 594-98 (2010). Accordingly, Defendant is ordered to pay the total amount of **$7,345.72 in fees**, less any offset amounts owed to the United States. If Defendant determines that Plaintiff owes a pre-existing debt to the United States, Defendant will reduce the awarded fees to the extent necessary to satisfy such debt.

## II. RECOMMENDATION

For the above stated reasons, it is respectfully **RECOMMENDED** that:

1. Plaintiff's motion for attorney's fees (Docket No. 23) be **GRANTED IN PART**.

2. Defendant be **ORDERED** to pay the amount of **$7,345.72 in fees**, less any offset amounts owed to the United States, by remitting payment to the business address of Plaintiff's counsel.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

Lynda M. Hill

LYNDA M. HILL
United States Magistrate Judge