IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WEISS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 2:25-cv-00041<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 29, "R&R") of the Magistrate Judge, which recommends that the Court grant in part the motion for "Attorney['s] Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412" (Doc. No. 23, "Motion")[2] filed by Plaintiff, Robert Weiss. Specifically, the R&R recommends that Defendant, who is the Commissioner of Social Security, "be ORDERED to pay the amount of $7,345.72 in fees, less any offset amounts owed to the United States, by remitting payment to the business address of Plaintiff's counsel." (Doc. No. 29 at 4). No objections to the R&R have been filed, and the time for filing objections has now expired.[3]

[1] Herein—except in certain quoted portions of the R&R wherein the Magistrate Judge refers to herself as "the Court"—"the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] The Motion was referred to the Magistrate Judge on August 27, 2026, for a report and recommendation. (Doc. No. 28).

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. The R&R was filed on September 4, 2026, and as of September 21, 2026, no party has filed objections.

Via the Motion, Plaintiff specifically requested the payment of $8,637.97 in fees. (Doc. No. 23 at 1). Defendant responded to the Motion, and argued:

> [T]he attorney timesheet submitted [by Plaintiff] does not match the time requested. *See* Itemization, Pacer Doc. 24-1, PageID # 1050-51. Plaintiff calculates the attorney hours as 34.2 hours with a reduction of 1.6 hours for a total of 32.6 hours. *Id*. However, when adding up the individual entries, the total hours are 29.1 hours with 1.5 hours reduced[. . . .]This results in a total request of 27.6 hours of attorney work. Therefore, the fee request for attorney work should be $7,133.22. The paralegal time requested matches the timesheet submitted. *See* Itemization, Pacer Doc. 24-1, PageID # 1052. This supports the requested $212.50 for paralegal time. As such, Defendant has no objection to Plaintiff's request for attorney and paralegal fees under the EAJA in the amount of $7,345.72.

(Doc. No. 27 at 1-2). As noted above, the Magistrate Judge concluded that the Motion should be granted in part, and that Defendant should be ordered to pay fees in the amount of $7,345.72. The Magistrate Judge specifically reasoned:

> An award of fees may be made under the [Equal Access to Justice Act ("EAJA")] in a Social Security disability action. *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1097 (6th Cir. 2016). The EAJA provides, in relevant part:
>
> > Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> 28 U.S.C. § 2412(d)(1)(A).
>
> To recover attorney fees under the EAJA, Plaintiff must demonstrate: (1) that she is a "prevailing party"; (2) that the government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) that, pursuant to 28 U.S.C. § 2412(d)(1)(B), the fee application was presented to the court within 30 days of final judgment in the action and is supported by an itemized statement. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).
>
> As to the first and second factors, there is no dispute here that Plaintiff is the prevailing party or that the government's position was not substantially justified. The Court granted Plaintiff's motion for judgment on the record (Docket No. 21)

and Defendant does not oppose the award of fees generally, though does oppose the particular amount requested by Plaintiff (Docket No. 27). Those factors are therefore satisfied.

As to the fourth factor, the fee request was made within 30 days of the final judgment. "Final judgment" is defined in the statute as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Rule 4 of the Federal Rules of Appellate Procedure provides that, when one of the parties is the United States or a United States agency, appeal must be taken from a final judgment within 60 days. Fed. R. App. P. 4(a)(1)(B). Final judgment was entered in this matter on April 6, 2026, and was final and no longer appealable 60 days later or June 5, 2026. The instant motion was filed on June 29, 2026, which is within 30 days of the judgment becoming final. Accordingly, the fourth factor is satisfied.

As for the third factor, the reasonableness of the requested fee must be evaluated. Plaintiff bears the burden of proving that the fees requested under the EAJA are, in fact, reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Specifically, Plaintiff must produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). A court may reduce fees for unreasonable time, including in instances where the time spent is excessive, redundant, or inadequately documented, *id.* at 433–34, or where the time claimed is associated with training junior attorneys, *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 260 (N.D. Ohio 1995).

Ordinarily, a fee request is supported with an itemized report of the time spent by counsel in connection with the case and the basis for the hourly rate charged. Here, Plaintiff's attorney Maren Miller Bam filed an "affirmation" in support of the motion, in which she states that attorney's fees were calculated at a rate of $258.45 per hour for 32.6 hours for a total of $8,425.47, and that paralegal's fees were calculated at a rate of $125.00 per hour for 1.7 hours for a total of $212.50, all of which totals $8,637.97. (Docket No. 24 at ¶¶ 8–11.) Plaintiff's counsel also filed an itemization of attorney and paralegal services, though it conflicts with the numbers included in the "affirmation," as Defendant points out in its response. (Docket No. 24-1.) The itemization indicates that the attorney billed only 27.6 hours (not 32.6 hours).

Based on a review of the itemization, the Court finds that the following hours and rates are reasonable: (1) attorney's fees at a rate of $258.45 per hour for 27.6 hours for a total of $7,133.22, and (2) paralegal's fees at a rate of $125.00 per hour for 1.7 hours for a total of $212.50. These hours and rates result in a total award of **$7,345.72 in fees** under the EAJA. The Court finds no special circumstances that would make this award unjust. Accordingly, the third (and final) factor is satisfied.

> The Supreme Court has held that an EAJA fee is payable to the plaintiff as litigant, and that payment may be subject to an offset to satisfy any pre-existing debt that the plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 594-98 (2010). Accordingly, Defendant [should be] ordered to pay the total amount of **$7,345.72 in fees**, less any offset amounts owed to the United States. If Defendant determines that Plaintiff owes a pre-existing debt to the United States, Defendant [should] reduce the awarded fees to the extent necessary to satisfy such debt.

(Doc. No. 29 at 2-3). No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 29) is adopted and approved. Accordingly, the Motion (Doc. No. 23) is **GRANTED IN PART**, and Defendant is ordered to pay the amount of $7,345.72 in fees, less any offset amounts owed to the United States, by remitting payment to the business address of Plaintiff's counsel.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE